joan\michael's-bethea\pleadings\memooflawinsupportofmotionforjudgment3/3/2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSALIND BETHEA and DENNIS BETHEA <br>               Plaintiffs <br><br> vs. <br><br> MICHAEL'S FAMILY RESTAURANT AND DINER <br>               Defendant | CIVIL ACTION <br><br><br><br> NO. 00-CV-6216 (LDD) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW

Rule 50(a) of the Federal Rules of Civil Procedure provides that judgment as a matter of law should be entered in favor of a defendant if there is no legally sufficient evidentiary basis upon which a reasonable jury could find in favor of the plaintiffs:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

FedR.Civ.P. 50(a); *Dashner v. Riedy*, No. Civ.A. 99-CV-02124, 2004 WL 203193, at *2-3 (E.D.Pa. Jan. 28, 2004).

A scintilla of evidence will not enable the non-movant to survive a Rule 50 motion. *Dorazio v. Capitol Specialty Plastics, Inc.*, No. CIV. A. 01-6548, 2002 WL 31750215 at *2 (E.D.Pa. Dec. 9, 2002), *citing*, *Goodman v. Pennsylvania Turnpike Commissioner*, 293 F.3d 655, 665 (3rd Cir. 2002). Rather, the question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could find a verdict for that party. *Id.*, *citing*, *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153,

1166 (3rd Cir. 1993).  In evaluating a motion for judgment as a matter of law, a court should apply the same substantive standard that the non-moving party must meet at trial, granting all reasonable inferences from the evidence of the non-moving party.  *Id.*, *citing*, <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 252 (1986).

Plaintiffs have not submitted sufficient evidence upon which a jury could render a verdict in their favor.  In order to set forth a prima facie case under 42 U.S.C. §1981, plaintiffs must prove (i) that they are a member of the protected class, (ii) that they attempted to make, enforce or secure the performance of a contract; (iii) that they were denied the right to do so; and (iv) that the opportunity to make, enforce or secure the performance of a contract for like goods or services remained available to similarly situated persons outside the protected class, *i.e.*, non-African-Americans.  *Singh v. WalMart Stores, Inc.*, 1999 WL 374184 (E.D. Pa. 1999) *aff'd* 225 F.3d 650 (3d Cir. 2000).  Moreover, to the extent plaintiffs contend that the defendant restaurant is liable under a theory of respondeat superior, plaintiffs must demonstrate a clear agency relationship between the restaurant and a supervisory employee with control over the operation of the restaurant.  *See*, *Perry v. Command Performance*, 1991 WL 46475 *3 (E.D. Pa. 1991) *aff'd* 945 F.2d 395 (3d Cir. 1991), *citing Flanagan v. Aaron E. Henry Community Health Services Center*, 876 F.2d 1231 (5th Cir. 1989).  Liability does not extend for the acts of a non-supervisory employee of the defendant diner, such as a waitress.  *Id.*

Here, plaintiffs have not adduced sufficient evidence upon which a jury could determine that plaintiffs have established the elements a prima facie case under Section 1981 including, but not limited to, a finding that a supervisory employee of the defendant restaurant intentionally discriminated against plaintiffs.

Even if plaintiffs had established a prima facie case under Section 1981 (which they have not), upon the defendant restaurant's proffering of a legitimate nondiscriminatory reason for the challenged action – i.e. the slow service was caused by a staff shortage on a holiday – it is incumbent upon plaintiffs to present evidence from which one could reasonably find that the proffered reason is unworthy of belief or that unlawful discrimination was more likely than not a determinative factor in the challenged action. *Singh v. WalMart Stores, Inc.*, 1999 WL 374184 (E.D. Pa. 1999) *aff'd* 225 F.3d 650 (3d Cir. 2000). Plaintiffs, however, cannot discredit a proffered reason merely by showing that it was wrong or mistaken, as the issue is whether discriminatory animus motivated the decision maker and not whether he or she was wise, shrewd, prudent or competent. *Id.*

Here, plaintiffs have adduced no evidence that the proffered reason for the purported slow service was a mere pretext for a discriminatory motive. Accordingly, plaintiff can not meet their burden of establishing a claim under Section 1981 and their claim, therefore, should be dismissed as a matter of law.

Respectfully submitted:

Date:  3/3/04

/s/ *Cary L. Flitter*
CARY L. FLITTER
Attorney for Defendant

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

joan\michael's-bethea\pleadings\memooflawinsupportofmotionforjudgment3/3/2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSALIND BETHEA and DENNIS BETHEA<br><br>                    Plaintiffs<br><br><br>                    vs.<br><br>MICHAEL'S FAMILY RESTAURANT AND DINER<br><br>                    Defendant | CIVIL ACTION<br><br><br><br><br><br>NO. 00-CV-6216 (LDD) |

## DEFENDANT'S MOTION
## FOR JUDGMENT AS A MATTER OF LAW

      Defendant, Michael's Family Restaurant and Diner hereby moves for judgment as a

matter of law pursuant to F.R.Civ.P. 50.  In support thereof, defendant relies upon and

incorporates the attached Memorandum of Law.  A form of Order is annexed.

                                    Respectfully submitted:


Date:  3/3/04                        */s/ Cary L. Flitter*
                                  CARY L. FLITTER
                                  Attorney for Defendant

                                  LUNDY, FLITTER,
                                  BELDECOS & BERGER, P.C.
                                  450 N. Narberth Avenue
                                  Narberth, PA 19072
                                  (610) 822-0782

joan\michael's-bethea\pleadings\memooflawinsupportofmotionforjudgment3/3/2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSALIND BETHEA and DENNIS BETHEA | CIVIL ACTION |
| Plaintiffs | |
| vs. | |
| | NO. 00-CV-6216 (LDD) |
| MICHAEL'S FAMILY RESTAURANT AND DINER | |
| Defendant | |

## ORDER GRANTING DEFENDANT'S MOTION
## FOR JUDGMENT AS A MATTER OF LAW

AND NOW, this          day of                          ,2004, upon consideration of

defendant's motion for judgment as a matter of law under F.R.Civ.P. 50 and plaintiffs' response

thereto, if any;

It appearing to the Court that there is no legally sufficient evidentiary basis upon which a

reasonable jury could find in favor of the plaintiffs, it is ORDERED that defendant's motion is

GRANTED and plaintiffs' claims are dismissed against defendant, with prejudice.

_____
U.S.D.J.

joan\michael's-bethea\pleadings\memooflawinsupportofmotionforjudgment3/3/2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSALIND BETHEA and DENNIS BETHEA<br><br>Plaintiffs<br><br>vs.<br><br>MICHAEL'S FAMILY RESTAURANT AND DINER<br>Defendant | CIVIL ACTION<br><br><br><br>NO. 00-CV-6216 (LDD) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2004, I have electronically filed the foregoing with the

Clerk of Court using the CM/ECF system.

Said document is available for viewing and downloading from the ECF system.

I also served a copy of the foregoing, via first class mail, to the following counsel who

have not consented to electronic service:

James P. Leonard, Esquire
COOPER, LEONARD & SCHAFFER, LLC
1525 Locust Street
13th Floor
Philadelphia PA 19102
**Attorney for Plaintiffs**


Date:  3/3/04                              */s/ Cary L. Flitter*
                                        CARY L. FLITTER